UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARL EDWARD NESS,<br><br>Defendant. | Case No. 2:19-cr-00147-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT[1]** |

This matter comes before the Court on the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant. Dkt. 24.

The Court finds that the Motion and the record establish: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture to include, but not be limited to, the following Subject Property and any Substitute Assets.

---

[1] Despite its name, a Preliminary Order of Forfeiture is the final order as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). A Final Order of Forfeiture, when necessary, addresses third party interests. Fed. R. Crim. P. 32.2(c).

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 1**

**Subject Property:**

1. A Western Digital hard drive, serial number WXE908TJ8505; and
2. A Dell Inspiron 1525 computer, Service Tag number DRJ40H1.

**Nexus and Factual Basis for Forfeiture**

Based upon the Plea Agreement, filed July 15, 2019, the Defendant pleaded guilty to Count One of the Indictment, a violation of 18 U.S.C. § 2252(a)(4)(B)), and admitted he knowingly possessed, using the Subject Property, images of real minors engaged in sexually explicit conduct. *Plea Agreement*, Dkt. 16.

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 2253, which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 2252, the Court shall order that such person shall forfeit to the United States:

> (1) any visual depiction…or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; (2) any property …constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property...used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

**NOW, THEREFORE, THE COURT ORDERS** that the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant is **GRANTED**,

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 2**

and the Defendant shall forfeit to the United States the Subject Property and any other property forfeitable pursuant to the Statutory Authority above or other applicable law.

**Substitute Assets**: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government may seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the property subject to forfeiture. The government may do so when the property subject to forfeiture:

  a. Cannot be located upon the exercise of due diligence;

  b. Has been transferred or sold to, or deposited with, a third party;

  c. Has been placed beyond the jurisdiction of the court;

  d. Has been substantially diminished in value; or

  e. Has been commingled with other property which cannot be divided without difficulty.

The United States Attorney General (or a designee) is authorized to seize the Subject Property in accordance with Criminal Rule 32.2(b)(3).

The United States is further authorized, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including depositions and interrogatories intended to: (a) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be

forfeited as substitute assets; or (b) expedite ancillary proceedings related to any third-party interests claimed pursuant to 21 U.S.C. § 853(n).

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

If the United States seeks a Final Order of Forfeiture, it shall provide the required notice, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n).

The United States may publish on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) for at least thirty (30) consecutive days, pursuant to Supplemental Rule G(4)(a)(iv)(C). The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, other than the above-named Defendant, pursuant to Supplemental Rule G(4)(b) and 21 U.S.C. § 853(n)(1).

Any person asserting a legal interest in the Subject Property, or other forfeited property, must file a claim with the Court within the applicable deadlines. Otherwise, the claim will be waived and lost. Supplemental Rule G contains specific deadlines, but typically the deadline to file a claim is no later than sixty days after first publication or thirty days after receipt of notice, whichever is

**PRELIMINARY ORDER OF FORFEITURE - FINAL TO DEFENDANT - 4**

earlier. Any claim must be signed under the penalty of perjury and must meet the statutory and Rule requirements, including those in § 853(n) and Supplemental Rule G(5).

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests. If no third party files a timely claim, this Preliminary Order of Forfeiture becomes final as to third parties, pursuant to Criminal Rule 32.2(c)(2).

The Preliminary Order of Forfeiture terminates a defendant's rights. Thus, a defendant may not participate in the ancillary proceeding. This Preliminary Order of Forfeiture is part of the sentence and shall be included in the judgment. *See* Criminal Rule 32.2(b)(4).

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Criminal Rule 32.2(e).

DATED: **January 28, 2020**

B. Lynn Winmill
United States District Judge